ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| JEANNETTE MARIE BÁEZ VALLECILLO Y OTROS<br><br>Recurridos<br><br>v.<br><br>LYBIA GRISSELLE VIENTÓS PACHECO Y OTROS<br><br>Peticionarios | KLCE202500074 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: SJ2023CV10261<br><br>Sobre: División o Liquidación de la Comunidad de Bienes Hereditarios |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Marrero Guerrero, el Juez Campos Pérez y el Juez Sánchez Báez

Campos Pérez, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 24 de febrero de 2025.

Comparece la parte demandada y peticionaria, compuesta por la Sra. Lybia Grisselle Vientós Pacheco (señora Vientós Pacheco) y sus hijas: Luisa Báez Vientós y María Báez Vientós (hermanas Báez Vientós). Solicita la revocación de la *Orden* emitida el 12 de diciembre de 2024, notificada al día siguiente, por el Tribunal de Primera Instancia, Sala de San Juan (TPI). En el aludido dictamen, el TPI extendió el procedimiento de descubrimiento de prueba hasta el 15 de enero de 2025, a petición de la parte demandante y recurrida, conformada por Jeannette Marie Báez Vallecillo, Suzette Báez Vallecillo y Luis Báez Vallecillo (hermanos Báez Vallecillo).

**I.**

La presente causa se inició el 31 de octubre de 2023, ocasión en que los hermanos Báez Vallecillo instaron una *Demanda* en contra de la parte peticionaria.[1] Indicaron que su padre, el causante Luis Báez Díaz, murió testado el 13 de febrero de 2023.[2] En la

---

[1] Apéndice, págs. 1-14.
[2] Véase, Testamento Abierto, Apéndice, págs. 303-311.

referida escritura pública, constan los seis litigantes como herederos únicos y universales. La señora Vientós Pacheco, cónyuge supérstite, a su vez, fue nombrada por testador como ejecutora de la sucesión. En esencia, los recurridos solicitaron el acceso a unos documentos, con el propósito de preparar el inventario, avalúo y partición del caudal relicto.

Acaecidos varios incidentes procesales innecesarios de pormenorizar, el 28 de febrero de 2024, las hermanas Báez Vientós incoaron *Contestación a Demanda*.[3] Alegaron que contra éstas no existía una reclamación ni solicitud de remedios. Por su parte, la señora Vientós Pacheco, en calidad de ejecutora, presentó *Contestación a Demanda* el 1 de marzo de 2024.[4] En síntesis, negó las alegaciones y arguyó que la parte recurrida estaba insatisfecha con la voluntad del causante, pero que el testamento hablaba por sí solo. Sostuvo que era codueña de la comunidad de bienes postgananciales, así como heredera forzosa y legataria de la totalidad de la libre disposición. A tales efectos, el 10 de mayo de 2024 presentó una alegación responsiva, en la que compareció en calidad de comunera y coheredera.[5] A su vez, las hermanas Báez Vientós reconvinieron, con el fin de solicitar al TPI la liquidación de la comunidad de bienes postgananciales y la partición de la herencia.[6] Ante esta solicitud, la señora Vientós Pacheco no mostró reparo.[7] No obstante, los hermanos Báez Vallecillo advirtieron que tenían serias y fundadas objeciones al inventario preparado por la parte peticionaria.[8]

Trabada la controversia, las partes presentaron en conjunto el *Informe para el Manejo del Caso* el 11 de abril de 2024.[9] En lo que

---

[3] Apéndice, págs. 80-81.
[4] Apéndice, págs. 87-102.
[5] Apéndice, págs. 153-166. Además, Apéndice, págs. 269-282.
[6] Apéndice, págs. 171-175.
[7] Apéndice, págs. 190-191.
[8] Apéndice, págs. 193-195.
[9] Apéndice, págs. 115-137.

nos compete, es meritorio resaltar que, según surge del expediente ante nos, las partes contendientes presentaron varias discrepancias en torno al descubrimiento de prueba.[10] Por ejemplo, en la videoconferencia celebrada el 5 de junio de 2024, los recurridos indicaron que, en cuanto a este procedimiento extrajudicial, todavía estaban pendientes de producir varios documentos.[11] En la audiencia, el TPI determinó que las partes tenían hasta el viernes 29 de noviembre de 2024 para culminar el descubrimiento de prueba; y de necesitar más tiempo, "lo pueden solicitar". Posteriormente, el TPI apuntó que el procedimiento debía ser libre, amplio y relacionado con la controversia, pero no oneroso.[12]

En lo atinente, el lunes 2 de diciembre de 2024, los recurridos presentaron *Moción para extender periodo de descubrimiento de prueba*.[13] Alegaron que la señora Vientós Pacheco no había suministrado toda la información solicitada durante la toma de la deposición, realizada el 7 de junio y 8 de agosto de 2024. Anticiparon que, una vez se entregara la documentación, se debería concluir la deposición.

Sin que la parte peticionaria presentara su postura, el 13 de diciembre de 2024, el TPI notificó la extensión del descubrimiento de prueba hasta el 15 de enero de 2025.[14] En desacuerdo, la parte peticionaria solicitó oportunamente al TPI que reconsiderara la decisión.[15] El TPI declaró no ha lugar el petitorio el 27 de diciembre de 2024, mediante una *Resolución Interlocutoria*.[16]

---

[10] Apéndice, págs. 196-199; 200-226; 229-232; 232-236; 239-241; 224-245.
[11] Apéndice, págs. 261-265.
[12] Apéndice, págs. 331-333. De la *Minuta* se desprende también que el descubrimiento de prueba se extendería al sábado, 30 de noviembre de 2024.
[13] Apéndice, págs. 466-467. Véase, además, el escrito de los recurridos intitulado *Moción para que se ordene a descubrir lo solicitado a tenor con la Regla 34.2 de procedimiento Civil*, Apéndice, págs. 425-465.
[14] Apéndice, pág. 468.
[15] Apéndice, págs. 470-488.
[16] Apéndice, pág. 492.

Inconforme aún, el 27 de enero de 2025, la parte peticionaria instó el presente recurso de *Certiorari* y señaló la comisión de los siguientes errores:

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA, SALA SUPERIOR DE SAN JUAN, AL ATENDER UNA MOCIÓN DE LOS DEMANDANTES-RECURRIDOS, PARA EXTENDER EL PERIODO DE DESCUBRIMIENTO DE PRUEBA PREVIO AL VENCIMIENTO DEL TÉRMINO REGLAMENTARIO QUE LA PARTE DEMANDADA-PETICIONARIA TENÍA PARA PRESENTAR SU CORRESPONDIENTE POSICIÓN, ESTABLECIDO EN LA REGLA 8.4 DE PROCEDIMIENTO CIVIL. LO ANTERIOR, EN CLARO DETRIMIENTO DEL DEBIDO PROCESO DE LEY, EN SU MODALIDAD PROCESAL.
>
> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA, SALA SUPERIOR DE SAN JUAN, AL DECLARAR SIN LUGAR LA MOCIÓN DE RECONSIDERACIÓN, TOMANDO EN CUENTA QUE EL TPI DESPOJÓ A LA DEMANDADA-PETICIONARIA DE SU TÉRMINO PARA EXPONER SU POSICIÓN.

Por su parte, los recurridos presentaron *Oposición a Petición de Certiorari* el 10 de febrero de 2025. Con el beneficio de ambas comparecencias, resolvemos.

## II.

El auto de *certiorari* es un vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones judiciales de un foro inferior y corregir algún error cometido por éste. *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020); *IG Builders et al., v. BBVAPR*, 185 DPR 307, 337-338 (2012); *García v. Padró*, 165 DPR 324, 334 (2005). A diferencia de la apelación, el foro revisor tiene la facultad para expedir o denegar el recurso de *certiorari* de manera discrecional. *García v. Padró, supra.* El Tribunal Supremo de Puerto Rico ha definido *discreción* como el "poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción". *Id.*, que cita a *Pueblo v. Ortega Santiago*, 125 DPR 203, 211 (1990). Por ende, la discreción es "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera…"

*Pueblo v. Sánchez González*, 90 DPR 197, 200 (1964), citado con aprobación en *García v. Padró, supra*, págs. 334-335.

No obstante, el ejercicio de la discreción no equivale a hacer abstracción del resto del Derecho, ya que ese proceder constituiría, en sí mismo, un abuso de discreción. *Negrón v. Srio. de Justicia*, 154 DPR 79, 91 (2001). Por lo tanto, el examen al auto discrecional que realizamos antes de decidir el curso a seguir no se da en el vacío ni en ausencia de otros parámetros. *800 Ponce de León v. AIG, supra*, pág. 176. Ello así, porque "el adecuado ejercicio de la discreción judicial está inexorable e indefectiblemente atado al concepto de la razonabilidad". *García v. Padró, supra*, pág. 335; *Pueblo v. Ortega Santiago, supra*.

Es sabido que la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, delimita las instancias en las cuales este foro intermedio tiene autoridad para atender los recursos de *certiorari*. En su parte pertinente, la norma dispone como sigue:

> .     .     .     .     .     .     .     .
>
> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, **solamente será expedido** por el Tribunal de Apelaciones cuando se recurra de una **resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo**. No obstante, y **por excepción** a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la **admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciaros, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia**. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. (Énfasis nuestro).
>
> .     .     .     .     .     .     .     .

La regla procesal fija taxativamente los asuntos aptos para la revisión interlocutoria mediante el recurso de *certiorari*, así como aquellas materias que, por excepción, ameritan nuestra

intervención adelantada, ya fuese por su naturaleza o por el efecto producido a las partes. *800 Ponce de León v. AIG, supra,* pág. 175.

Además del examen objetivo antes descrito, para ejercer sabia y prudentemente nuestra facultad discrecional al determinar si expedimos o denegamos un recurso de *certiorari,* nos guiamos por la Regla 40 del Reglamento del Tribunal de Apelaciones, *Criterios para la expedición del auto de certiorari,* 4 LPRA Ap. XXII-B, R. 40. Así reza:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Claro está, es norma asentada que este tribunal intermedio no interviene con las determinaciones emitidas por el foro primario ni sustituye su criterio discrecional, *"salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad, incurrió en craso abuso con el ejercicio de la discreción, o que incurrió en error manifiesto".* (Cursivas en el original). *Citibank et al. v. ACBI et al.,* 200 DPR 724, 736 (2018), que cita con aprobación a *Ramos Milano v. Wal-Mart,* 168 DPR 112, 121 (2006); *Rivera y otros v. Banco Popular,* 152 DPR 140, 155

(2000); *Meléndez Vega v. Caribbean Int'l. News*, 151 DPR 649, 664 (2000); *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

**III.**

En la causa del epígrafe, la parte peticionaria aduce que el TPI incidió al extender el término del descubrimiento de prueba, sin su postura, cuando aún no había culminado el término de 20 días para oponerse,[17] y en violación a su debido proceso de ley.

Como se conoce, el propósito del descubrimiento de prueba es delimitar las controversias, facilitar la consecución de evidencia, evitar las sorpresas en el juicio, facilitar la búsqueda de la verdad y perpetuar la prueba. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 203 (2023). Ello así, porque en nuestro ordenamiento se ha adoptado la política de que el descubrimiento de prueba debe ser amplio y liberal. *Id.* En armonía, se confiere a los foros judiciales de primera instancia una amplia discreción para regular el ámbito del descubrimiento, pues es su obligación garantizar una solución justa, rápida y económica del caso, sin ventajas para ninguna de las partes. *Id.*, págs. 203-204. Por lo tanto, al momento de limitar el descubrimiento de prueba de acuerdo con las reglas de procedimiento civil, los tribunales deberán hacer un balance entre estos dos intereses. *Id.*, pág. 204.

Expuesto lo anterior, es imperante apuntar que el asunto planteado en el presente recurso no está contenido en las materias que consigna la Regla 52.1 de Procedimiento Civil, *supra*. Del mismo modo, es nuestra opinión que las contenciones de la parte peticionaria no se ajustan a ninguno de los criterios de la Regla 40 de nuestro Reglamento. Además, estimamos que el proceder del TPI se encuentra dentro del marco de su amplia discreción. Ello así, porque el foro de instancia es quien está en mejor posición para

---

[17] Véase, Regla 8.4 de Procedimiento Civil, 32 LPRA Ap. V.

tomar las medidas que faciliten el adecuado curso del caso hacia su final disposición. En ese sentido, en el ámbito del manejo de un caso, como lo es el trámite del descubrimiento de prueba, debemos conferir deferencia. De hecho, en este caso, la extensión del descubrimiento de prueba se limitó hasta el 15 de enero de 2025, por lo que, a la fecha de la presentación del recurso discrecional el día 27 del mismo mes y año, se tornó académica la petición.

Así pues, evaluados los hechos que informa esta causa, junto a los documentos unidos al expediente, determinamos que no se justifica nuestra intervención con la actuación del foro impugnado. La parte peticionaria no demostró que el TPI incurriese en prejuicio, parcialidad, abuso de discreción o error craso y manifiesto, al extender el descubrimiento de prueba.

**IV.**

Por los fundamentos expuestos, denegamos expedir el recurso discrecional de *certiorari*.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones